**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOHN LOCASCIO,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. |

# COMPLAINT

NOW COMES Plaintiff, JOHN LOCASCIO ("Plaintiff"), by and through counsel, and files this Complaint against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), alleging as follows:

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## Parties

2. Plaintiff is a natural person residing in Toms River City, Ocean County, New Jersey.

3. At all times relevant, Plaintiff was a "consumer" as defined by 15

U.S.C. § 1681a(c).

4. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a consumer reporting agency headquartered in Atlanta, Georgia and conducting business in New Jersey.

5. Defendant EQUIFAX is a “person” as defined by 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

7. Defendant EQUIFAX furnishes consumer reports to third parties for monetary compensation.

8. Defendant EQUIFAX is a “consumer reporting agency” (“CRA”) as defined by 15 U.S.C. § 1681a(f).

9. At all times relevant, EQUIFAX acted through its agents, employees, officers, representatives, successors, and assigns.

**Jurisdiction and Venue**

10. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because EQUIFAX is headquartered within this District and a substantial part of the events or omissions

giving rise to Plaintiff's claims occurred within this District.

## Factual Allegations

12. Plaintiff is a consumer about whom EQUIFAX maintained and reported inaccurate or materially misleading credit information concerning the account described below ("Account").

13. The FCRA requires a consumer reporting agency, when preparing a consumer report, to follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b).

14. Plaintiff maintained a Bank of America credit-card account ending in 0576 (the "Account").

15. On August 27, 2024, Bank of America confirmed in writing that the Account had a current balance of $3,465.79 and that Bank of America had agreed to accept $1,907.00 as the settlement amount.

16. The written settlement expressly stated that once the $1,907.00 settlement amount was paid, Bank of America would forgive the remaining balance.

17. The written settlement called for four payments of $476.75, for a total settlement amount of $1,907.00.

18. Plaintiff's payment records reflect four cleared payments of $476.75 on August 30, September 30, October 30, and November 29, 2024, totaling exactly $1,907.00.

19. Plaintiff thereby paid the full $1,907.00 settlement amount required by Bank of America.

20. The settlement further stated that after receipt of the final payment, Bank of America would notify the consumer reporting agencies that the Account had been settled for less than the full balance.

21. As of August 17, 2026, EQUIFAX was nevertheless reporting the Account with a $1,778.00 balance, a $1,778.00 amount past due, a charge-off account status, and a current payment status of collection/charge-off.

22. On August 18, 2026, Plaintiff sent a written dispute to EQUIFAX specifically identifying the Bank of America Account ending in 0576 and disputing its current status, payment history, and reported $1,778.00 balance.

23. Plaintiff advised EQUIFAX that he had settled the Account with Bank of America and had made all payments required to fulfill the settlement.

24. Plaintiff included supporting documentation with his dispute, requested that EQUIFAX research the matter, and asked EQUIFAX to update its records accordingly.

25. After the dispute period, Plaintiff obtained another consumer credit report dated October 3, 2026.

26. The October 3, 2026, report reflects that Trans Union was reporting the Account with a $0.00 balance and $0.00 amount past due, while EQUIFAX

continued reporting the Account with a $1,778.00 balance and a $1,778.00 amount past due.

27. EQUIFAX also continued to report the Account as charged off with a current payment status of collection/charge-off.

28. Plaintiff does not challenge the historical fact that the Account had been charged off. Plaintiff challenges EQUIFAX's continued reporting of a present $1,778.00 balance, $1,778.00 past-due amount, and current delinquency after Plaintiff paid the full settlement amount.

29. The continued reporting of a present balance and past-due amount was inaccurate or materially misleading because Plaintiff paid the full $1,907.00 settlement amount and Bank of America agreed to forgive the remaining balance once that amount was paid.

30. The disputed balance and current delinquency were objectively and readily verifiable from Bank of America's written settlement, Plaintiff's cleared-payment information, and the information supplied by Plaintiff and/or available from the furnisher during EQUIFAX'S reinvestigation.

31. EQUIFAX failed to reasonably review and consider the relevant information supplied by Plaintiff and failed to correct, delete, or modify information that was inaccurate, incomplete, materially misleading, or could not be verified.

32. EQUIFAX'S continued reporting of an outstanding and past-due

balance after Plaintiff paid the settlement amount caused Plaintiff actual harm, including frustration, anger, anxiety, and distress over the continued inaccurate reporting of a debt he had resolved.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

33. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

34. EQUIFAX prepared and furnished consumer reports concerning Plaintiff that contained inaccurate or materially misleading information regarding the Account, including the reported $1,778.00 balance and past-due amount.

35. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in preparing consumer reports concerning Plaintiff.

36. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above, including emotional distress and the expenditure of time and effort attempting to correct the inaccurate reporting.

37. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

## COUNT II – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

39. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

40. After Plaintiff submitted his specific dispute and supporting information concerning the Account, EQUIFAX failed to correct or delete the inaccurate or materially misleading $1,778.00 balance and $1,778.00 past-due amount.

41. EQUIFAX violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, failing to review and consider all relevant information submitted by Plaintiff, and failing to delete or modify information that was inaccurate, incomplete, or could not be verified.

42. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above, including emotional distress and the expenditure of time and effort attempting to correct the inaccurate reporting.

43. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant EQUIFAX Information Services LLC, and that Plaintiff be awarded:

a) Actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and statutory damages as permitted by 15 U.S.C. § 1681n(a)(1)(A);

b) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for any willful violation;

c) Costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2); and

d) Such other and further legal or equitable relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 14, 2026

By: *_/s/ Heather Hicks_*

Heather Hicks
Colexit Law, PLLC
8735 Dunwoody Place # 12678
Atlanta, GA 30350
P. 480.944.0994
HHicks@colexit.com

Attorney for Plaintiff,
JOHN LOCASCIO